UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAULA BONNAFANT

        Plaintiff,

v.                            Case No: 2:13-cv-893-FtM-29CM

CHICO'S FAS, INC.,

        Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Remand (Doc. #6) filed on January 6, 2014. Defendant filed a Response in Opposition (Doc. #11) on January 21, 2014.

Paula Bonnafant (plaintiff or Bonnafant) filed a Complaint (Doc. #3) against Chico's FAS, Inc. (defendant or Chico's) in state court alleging that Chico's violated the Florida (Private) Whistle-Blower Act (FWA), Fla. Stat. §§ 448.101-105. Chico's filed a timely Notice of Removal (Doc. #1) asserting that the federal court has federal question jurisdiction over the action because the state law claim "arises under" federal patent and trademark laws pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Asserting that the action does not arise under federal law, Bonnafant now seeks a remand to state court.  For the reasons that follow, the Court grants the motion and remands the case to state court.

**I.**

In summary, the Complaint (Doc. #3) alleges the following: In August 2009, plaintiff was hired as a contractor to design women's handbags for defendant. Plaintiff's job duties included designing original handbags to be sold by defendant. Plaintiff became a full-time employee in January, 2011.

Plaintiff alleges that her supervisor frequently rejected her original designs and directed her to copy the styles and characteristics of designer handbags already being marketed, with the only difference being the Chico's logo. In May 2011, plaintiff voiced her concerns to the supervisor, stating that she did not feel comfortable copying designs and was concerned that she and the company could get into serious legal trouble for doing so. Plaintiff states that the discussion became heated, and she was told not to use the term "knock-off" but to instead say she was "inspired by" other designer labels. Shortly thereafter plaintiff was reprimanded. Subsequently, plaintiff again used the term "knock-off," and was admonished by the supervisor to never use the term again. The Complaint describes several examples of where other vendor's products were copied and used over plaintiff's objections. Plaintiff discussed her concerns with the production manager and the production director, and plaintiff's work environment thereafter became hostile. Plaintiff received her

2

first write-up within a month of speaking with the production manager and production designer.

Plaintiff then met with the Human Resources Director to express her concerns that her supervisor was retaliating against her. Plaintiff explained that most of the bags she designed never made the line because her supervisor would give plaintiff samples of other designers that she wanted plaintiff to duplicate. Plaintiff received a second write-up after a meeting was scheduled to discuss plaintiff's concerns about being required to copy handbags. Plaintiff alleges that two weeks after she discussed her concerns in detail with Human Resources, she was terminated because she refused to violate corporate policy and applicable "trademark/patent" laws by copying exactly a designer handbag.

Plaintiff filed a one count Complaint in state court alleging a violation of the Florida Whistle-Blower Act. Plaintiff alleges that she was an employee of Chico's; that she was acting within the scope of the protection provided by Fla. Stat. § 448.102(3); that she had engaged in statutorily protected activity; that Chico's conduct in copying the handbag designs violated federal and state law; and that she suffered a negative employment action and damages as a result of her statutorily protected activity.

Defendant filed a timely Notice of Removal (Doc. #1) asserting that the case was properly removed because "[t]he claim asserted in Plaintiff's Complaint requires the interpretation of federal

3

law . . . ." (Doc. #1, ¶4.) Although the Complaint only asserts a state law claim, defendant argues that the claim "arises under" federal law and thus federal subject matter jurisdiction is proper. Plaintiff disagrees, and seeks a remand to state court.

**II.**

Federal removal jurisdiction is construed narrowly and "all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). The burden of establishing subject matter jurisdiction for purposes of removal is on the removing defendant. Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) (citing Williams v. Best Buy Co., 269 F.3d 1316, 1318 (11th Cir. 2001)). "[T]o meet their burden, the defendants must show that the plaintiffs' complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." Adventure Outdoors, Inc. v. Bloomberg, 552 F. 3d 1290, 1295 (11th Cir. 2008).

**A.**

The defendant removed this action "pursuant to 28 U.S.C. §§ 1441 and 1446, based on federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338." (Doc. #1, p. 1.) Section 1441 provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by

4

the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Section 1441(a) does not apply to this case because Congress has indeed "otherwise expressly provided." Title 28 U.S.C. § 1454 provides that "[a] civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents . . . or copyrights may be removed to [federal court]. . . ." 28 U.S.C. § 1454(a). Removal is therefore authorized by § 1454(a), not § 1441(a).

The case is removable if it "arises under" patent or copyright law, a phrase which appears in § 1454(a) as well 28 U.S.C. § 1331[1] and § 1338[2]. The Supreme Court has interpreted the phrase "arising under" in 1331 and in § 1338(a) identically, and applied their precedents interchangeably. <u>Gunn v. Minton</u>, 133 S. Ct. 1059, 1064 (2013) (state claim alleging legal malpractice in handling patent case does not "arise under" § 1338(a)). Similarly, the Court gives

---

[1] Under § 1331, federal courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States."

[2] Under § 1338, federal courts have original jurisdiction over actions "arising under any Act of Congress relating to patents. . . copyrights and trademarks."

5

the phrase "arising under" in § 1454(a) the same meaning as in § 1331 and § 1338.

**B.**

The assertion in the Notice of Removal that the state law claim is removable simply because it "requires the interpretation of federal law" (Doc. #1, ¶4) is clearly incorrect. While a state law claim may be removable as "arising under" federal law, it is not removable simply because the case involves the interpretation of federal law. "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction", Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 813 (1986), "even where the interpretation of federal law may constitute an element of the state cause of action." Madzimoyo v. Bank of N.Y. Mellon Trust Co., N.A., 440 F. App'x 728, 730 (11th Cir. 2011). Rather, a state law claim "arises under" federal law if it is one of a "special and small category" of cases in which a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn, 133 S. Ct. at 1065. As discussed below, this is not one of those cases.

**C.**

The Florida Whistle-Blower Act (FWA) are remedial statutes which created a new cause of action designed "to protect private

employees who report or refuse to assist employers who violate laws enacted to protect the public." Arrow Air, Inc. v. Walsh, 645 So. 2d 422, 424 (Fla. 1994). The Act provides employees with a cause of action against private-sector employers who take certain types of retaliatory personnel action. Id. As such, it "is an exception to Florida's at-will employment doctrine." Aery v. Wallace Lincoln-Mercury, LLC, 118 So. 3d 904, 913 (Fla. 4th DCA 2013).

The Complaint alleges that defendant violated Fla. Stat. § 448.102(3), which provides: "An employer may not take any retaliatory personnel action against an employee because the employee has: . . . (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." The phrase "law, rule, or regulation" is defined to include "any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business." Fla. Stat. 448.101(4). In order to establish a prima facie case under the FWA, plaintiff must establish "1) that she objected to or refused to participate in any illegal activity, policy or practice of Defendant; 2) she suffered an adverse employment action; and 3) the adverse employment action was causally linked to her objection or refusal." Aery, 118 So. 3d at 916 (citing Gleason v. Roche Labs., Inc., 745

7

F. Supp. 2d 1262, 1270 (M.D. Fla. 2010)). To meet the first element, "all that is required is that the 'employee have a good faith, objectively reasonable belief that her activity is protected by the statute.'" Aery, 118 So. 3d at 916 (quoting Luna v. Walgreen Co., 575 F. Supp. 2d 1326, 1343 (S.D. Fla. 2008)).

Applying the four-part test in Gunn establishes that plaintiff's FWA claim does not "arise under" federal law:

**(1) Necessary Federal Issue**

The Court finds that a federal patent or trademark issue is "necessary" to plaintiff's case. The Complaint alleges that copying the designer handbags violated state and federal law, and this was the subject of the complaints made by plaintiff to her supervisor and others.

**(2) Actually Disputed Federal Issue**

Defendant disputes that its design conduct constituted a violation of state or federal trademark/patent law. Therefore, the Court finds an issue of federal law is "actually disputed".

**(3) Substantial Federal Issue**

Defendant has not shown that the federal question in this case is substantial within the meaning of federal question jurisdiction. There appears to be a split of authority as to whether § 448.102(3) requires plaintiff to prove an actual violation of law, as opposed to a reasonable, good faith belief that a violation of law has occurred. A 2013 Florida decision

8

stated that the FWA does not require plaintiff to prove that she refused to engage in an *actual* violation of a law, rule, or regulation, but only that she had a good faith, objectively reasonable belief that her activity is protected by the statute. Aery, 118 So. 3d at 916. See also Luna, 575 F. Supp. 2d at 1343. On the other hand, other federal district courts have previously held that the plaintiff must prove an actual violation of law. See, e.g., Meyer v. Health Mgmt. Assocs., Inc., 841 F. Supp. 2d 1262, 1268 (S.D. Fla. 2012); Smith v. Psychiatric Solutions, Inc., No. 08-0003, 2009 WL 903624, at *7 (N.D. Fla. Mar. 31, 2009); White v. Purdue Pharma, Inc., 369 F. Supp. 2d 1335, 1336 (M.D. Fla. 2005). The Court will assume, without deciding, that plaintiff must prove an actual violation of the law. Even so, the federal issue is not "substantial."

Three relatively recent Supreme Court cases are relevant. Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005) involved a quiet title action filed in state court based upon alleged procedural defects in a prior federal tax sale of the property. The Supreme Court held "that the national interest in providing a federal forum for federal tax litigation is sufficiently substantial to support the exercise of federal-question jurisdiction over the disputed issue on removal." Id. at 310. The factors the Supreme Court found important were the involvement of a federal actor, the presence of a near pure issue

9

of law, the absence of context-specific factual issues surrounding the federal issue, and the case-dispositive nature of the federal matter presented.

The next Supreme Court to address the issue, Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677 (2006), found no substantial federal question in state court litigation involving the Federal Employees Health Benefits Act because of a lack of these factors. The Supreme Court found the case did not resemble Grable and was "poles apart". It did not involve the action of a federal agency, would not be controlling in numerous other cases, was not nearly a pure issue of law which would govern numerous cases, and was fact-bound and situation-specific. Id. at 700-01.

More recently, in Gunn a unanimous Supreme Court found that "state legal malpractice claims based on underlying patent matters will rarely, if ever, arise under federal patent law for purposes of § 1338(a). Although such cases may necessarily raise disputed questions of patent law, those cases are by their nature unlikely to have the sort of significance for the federal system necessary to establish jurisdiction." Id., 133 S. Ct. at 1065. While the federal issue was necessary and disputed, the Supreme Court held it was "not substantial in the relevant sense." Id. at 1066.

This case is more akin to Gunn and Empire Healthchoice than Grable. Virtually none of the factors suggesting a substantial

10

federal question are present in this case. This is a dispute between two private parties; no federal actor is involved. The federal question is not a near "pure issue of law," but requires the application of unique facts to the well-settled federal patent law. The federal question is certainly context-specific, since the federal question involves determining whether the designs that plaintiff was instructed to create would violate particular trademarks/patents. Even if the federal question is case-dispositive, it holds little weight because "it is not enough that the federal issue be significant to the particular parties in the immediate suit; that will *always* be true when the state claim 'necessarily raise[s]' a disputed federal issue, as Grable separately requires." Gunn 133 S. Ct. at 1066.

Citing *dicta* from Forrester Envtl. Servs., Inc. v. Wheelabrator Techs., Inc., 715 F.3d 1329, 1334 (Fed. Cir. 2013), defendant argues that the federal question is substantial because of the possibility of inconsistent judgments. If the state court resolves the patent issue within the FWA case, and defendant were subsequently sued in federal court by a patent holder for a violation of patent law, conflicting judgments may result. The Supreme Court rejected a similar argument in Gunn:

> Nor will allowing state courts to resolve these cases undermine "the development of a uniform body of [patent] law." Bonito Boats, Inc. v. Thunder Craft Boats, Inc., 489 U.S. 141, 162, 109 S. Ct. 971, 103 L. Ed. 2d 118 (1989). Congress ensured such uniformity by vesting

11

> exclusive jurisdiction over actual patent cases in the federal district courts and exclusive appellate jurisdiction in the Federal Circuit. See 28 U.S.C. §§ 1338(a), 1295(a)(1). In resolving the nonhypothetical patent questions those cases present, the federal courts are of course not bound by state court case-within-a-case patent rulings. See Tafflin v. Levitt, 493 U.S. 455, 465, 110 S. Ct. 792, 107 L. Ed. 2d 887 (1990).

Gunn, 133 S. Ct. at 1067. Therefore, the possibility of inconsistent judgments does not render the federal question substantial.

Finally, defendant argues that the resolution of the federal question will have forward-looking consequences insofar as the case turns on questions of validity and enforceability of patents, citing Manning v. Merrill Lynch, Pierce, Fenner & Smith, Inc., No. 12-4466, 2013 WL 1164838, at *1 (D.N.J. 2013). Unlike Manning, the resolution of the trademark/patent issue in this case will hardly call into question the entire federal trademark/patent system. Instead, it will require the application of a set body of law to the facts at hand. The Gunn Court noted that, in determining how the federal court would have ruled on a particular patent, "state courts can be expected to hew closely to the pertinent federal precedents." Gunn 133 S. Ct. at 1067. Further,

> [a]s for more novel questions of patent law that may arise for the first time in a state court "case within a case," they will at some point be decided by a federal court in the context of an actual patent case, with review in the Federal Circuit. If the question arises frequently, it will soon be resolved within the federal system, laying to rest any contrary state court

>precedent; if it does not arise frequently, it is unlikely to implicate substantial federal interests.

Id. The federal question in the instant case requires the application of a well-settled body of law in a context that will not call into question the entire federal system. Thus, defendant's arguments as to the forward-reaching consequences of the federal question must be rejected.

For all of these reasons, the disputed issue of federal law in this case is not "substantial" within the meaning of Grable and Gunn.

### (4) Federal-State Balance

Finally, defendant has not met its burden of showing that this action is capable of resolution in the federal courts without disrupting the federal-state balance. "[F]ederal issue" is not "a password opening federal courts to any state action embracing a point of federal law." Grable, 545 U.S. at 314. "The Federal courts have exclusive jurisdiction of all cases arising under the patent laws, but not of all questions in which a patent may be the subject-matter of the controversy." Gunn, 133 S. Ct. at 1068 (quoting New Marshall Engine Co. v. Marshall Engine Co., 223 U.S. 473, 478 (1912)). If the Court allowed federal jurisdiction in this case, "[a]ny defendant in an FWA case could remove simply by referencing a federal issue involved." Paulet v. Farlie, Turner & Co., LLC,

No. 10-21021, 2010 WL 2232662, at *5 (S.D. Fla. 2010). Florida state courts have traditionally adjudicated cases such as these.

> [O]ther Florida Whistleblower Act cases, premised on the violation of federal law, have been adjudicated in the state courts of Florida. See, e.g., Diaz v. Impex of Doral, Inc., 7 So. 3d 591, 594-95 (Fla. 3d DCA 2009) (state law whistleblower claim premised on violation of federal OSHA regulation); McBride v. Gemini Air Cargo, Inc., 915 So. 2d 187 (Fla. 3d DCA 2005) (Florida whistleblower claim based on federal regulatory violation reported to Federal Aviation Administration); Underwood v. Rhone-Poulenc Rorer Pharms., Inc., 890 So. 2d 429, 430-31 (Fla. 4th DCA 2004) (state law whistleblower claim premised on violation of Federal Food, Drug, and Cosmetics Act); Rice-Lamar v. City of Fort Lauderdale, 853 So. 2d 1125 (Fla. 4th DCA 2003) (Florida whistleblower claim based on City's violation of various federal and state discrimination laws). Such cases properly belong in [state] courts, not [federal].

Meyer, 841 F. Supp. 2d at 1272.

In sum, though the federal question is necessarily raised and actually disputed, it is not substantial, and resolution in a federal court would cause significant disruption to the federal-state balance. Thus, the claim does not "arise under" federal law, and the Court does not have original jurisdiction.

Accordingly, it is now

**ORDERED:**

1.   Plaintiff's Motion to Remand and Incorporated Memorandum of Law (Doc. #6) is **GRANTED.**

2.   The Clerk is **directed** to remand the case to the Circuit Court for the 20th Judicial Circuit in and for Lee County, Florida.

     3.    The Clerk is further **directed** to terminate all pending motions and deadlines and close this case.

     **DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of April, 2014.

                                                _____
                                                JOHN E. STEELE
                                                UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record